### In re MARCELLA CHOCOLATE CO.

(District Court, D. Massachusetts. April 25, 1924.)

No. 32542.

1. **Bankruptcy ⬅166(4)—Mortgagee held to have reasonable cause to believe that mortgagor was insolvent when mortgage was made.**

Where a mortgage given on December 13, 1923, to secure a pre-existing debt, covered all of mortgagor's tangible property, and mortgagor made an assignment for benefit of creditors 5 days later, and was adjudicated a bankrupt on December 28, mortgagee had reasonable cause to believe that mortgagor was insolvent at time mortgage was made.

2. **Bankruptcy ⬅166(4)—Mortgage of tangible assets to secure overdue debt, unaccompanied by arrangements to enable mortgagor to continue, carries own presumptive notice of insolvency.**

A mortgage of all tangible assets given as security for an overdue debt, which the mortgagee has been unable to collect, and not accompanied by

arrangements to enable the mortgagor to continue, carries its own presumptive notice of insolvency.

**3. Bankruptcy ☞228—Referee's finding stands, unless plainly wrong.**

Referee's finding that mortgagee had reasonable cause to believe that mortgagor was insolvent should stand, unless plainly wrong.

In Bankruptcy. In the matter of the Marcella Chocolate Company, bankrupt. Order of referee affirmed.

Jacob Wasserman, of Boston, Mass., for trustee in bankruptcy.

Joseph Doyle, of Boston, Mass., for Quincy Market Cold Storage & Warehouse Co.

MORTON, District Judge. The only question is whether the mortgagee had reasonable cause to believe that the mortgagor was insolvent at the time when the mortgage was made.

[1] The date of the mortgage is December 13, 1923. The mortgagor made a common-law assignment for the benefit of creditors 5 days later, and was adjudicated bankrupt on its own petition on December 28. In August, 1923, the Chocolate Company arranged with the mortgagee to install and furnish "brine" (i. e., refrigerating) service. The installation cost about $500, and the service itself was to be paid for monthly, like water or electricity. On December 3, the Chocolate Company had not paid either the cost of installation or any of the monthly bills, and the Cold Storage Company, having made several unsuccessful efforts to collect its bill, put the claim into the hands of Mr. Doyle, its attorney, for collection. Mr. Doyle visited the plant of the Chocolate Company and had an interview with its manager. He was unable to get any cash, and arranged to take an installment note secured by the mortgage here in question, which covered all tangible property of the Chocolate Company.

[2, 3] Such a mortgage is a transaction quite out of the ordinary. Its immediate effect is to destroy further credit. It puts the mortgagor into the position of having to satisfy his other unsecured creditors or to go into bankruptcy. It is strong evidence that the debtor was in desperate circumstances. The natural consequences of it were perfectly understood by Mr. Doyle and his client. The mortgage was not taken under the impression that there were no other debts. When asked how he expected the Chocolate Company to continue, Mr. Doyle replied that he regarded that as their affair. A mortgage like this carried for practical purposes its own presumptive notice of insolvency, and when immediately followed by the failure and bankruptcy of the mortgagor was a voidable preference, unless the natural inferences which it created were overcome in the mind of the mortgagee by much more thorough investigation and more definite statements and assurances on the part of the mortgagor than are in evidence here. The referee's finding that the mortgagee had reasonable cause to believe should stand, unless plainly wrong. In my opinion it was plainly right.

Order affirmed.